# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

## IN RE PALMER.

PATENTS; PATENTABILITY; ANTICIPATION.

An application for a patent for means for attaching handles to storage battery cases was *held* anticipated by a patent for a loop handle adapted for use on brooms, umbrellas, etc., and a patent for securing in the same manner the blade of a screw driver in the handle.

No. 1161. Patent Appeals. Submitted March 13, 1918. Decided April 1, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. A. B. Stoughton* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of Patents refusing appellant, William Henry Palmer, Jr., a patent for means for attaching handles to storage battery cases. The application for patent contained the following claims:

"1. Means for attaching handles to storage battery cases which comprise the combination of a case wall having a channel extending in the direction of its plane and located inside of its inner and outer faces and having a transverse cavity intersecting the channel and extending through the outer face and terminating short of the inner face, a round-handle shank filling the channel and extending across the cavity and having a roughened portion opposite the cavity, and a plug arranged in and confined to the cavity and completely encircling and cast onto the shank for immovably holding it.

"2. Means for attaching handles to storage battery cases which comprise the combination of a case wall having a channel extending in the direction of its plane and located inside of its inner and outer faces and having a larger transverse cavity intersecting the channel and extending through one face and terminating short of the other face, a handle shank in the first channel and across the cavity, and a plug immovably holding the shank and arranged in the cavity and cast onto the shank and completely encircling it."

The structure is described by the Primary Examiner as consisting "of a case wall having a channel extending in the direction of its plane and located inside of its inner and outer faces, and having a transverse cavity intersecting the channel and extending through the outer face and terminating short of the inner face, a handle shank filling the channel and extending across the cavity and having a roughened portion opposite the cavity, and a plug arranged in and confined in the cavity and completely encircling and cast onto the shank for immovably holding it."

Two references are cited against appellant,—a patent to one Curtiss, dated June 6, 1871, and a patent to one Bryant, dated February 9, 1892.

The patent to Bryant discloses a loop handle adapted for use on brooms, umbrellas, etc. The loop is inserted into the end of the handle for the purpose of suspending the article from a hook or other device. It shows loop-shaped handles in slots or cavities to be old in the art. Although Bryant retains the loop in the cavity by a wooden plug held in place by a screw, it readily suggests the substitution of lead run into the cavity in a molten state, thus filling the cavity and gripping the shanks of the loop.

While the Bryant patent only suggests the broad idea set forth in the claims, the Curtiss patent completes the anticipation of appellant's alleged invention. The Curtiss device consists of means for securing the blade of a screw driver in the handle. This is accomplished by a longitudinal hole in the end of the handle for receiving the shank of the blade and a transverse intersecting opening for receiving the molten metal. The shank of the blade is roughened with notches to receive the molten metal, which grips the shank and prevents it from pulling out of or turning in the handle. This almost completely answers appellant's description of means for retaining the shanks of the handle loop in the walls or sides of the battery case.

With the devices of Bryant and Curtiss before him, appellant, by the exercise of mere mechanical skill, could readily accomplish the result here disclosed. The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.        *Affirmed.*

Mr. Justice McCoy, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice ROBB.